## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 882 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Lawson Alvin Rose vs. U.S. Postal Service, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed in forma pauperis [4] is denied. Plaintiff's motion for appointment of counsel [5] is denied. Plaintiff is given until March 18, 2008, to pay the required filing fee or file an accurately and properly completed in forma pauperis application form. Plaintiff is warned that failure to pay the filing fee or file an accurately and properly completed in forma pauperis application form by March 18, 2008, will result in the dismissal of the instant action.

■[ For further details see text below.]    Docketing to mail notices.

### STATEMENT

This matter is before the court on Plaintiff Lawson Alvin Rose's ("Rose") motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Rose has not properly completed his *in forma pauperis* application form to allow the court to properly adjudicate his request. For example, in response to the question on Rose's *in forma pauperis* application form asking whether anyone else living at his address received more than $200 from any source in the last twelve months, Rose has indicated that $117 per month is received by "Central Regional Source One Credit Union." (Mot. IFP Par. 3). It is unclear from Rose's *in forma pauperis* application form who exactly has received this monthly income. Rose has also failed to state the full name or address of his last employer, stating only that he was last employed by "RGIS." (Mot. IFP Par. 2). Rose also failed to include the monthly salary or wages earned in his last employment, stating only that he earned $9 per hour. (Mot. IFP Par. 2). Finally, when asked on the *in forma pauperis* application form if he had received more than $200 from salary or wages in the last twelve months, Rose checked "No." (Mot. IFP Par. 2). However, Rose also indicated on his *in forma pauperis* application form that he was employed and earning $9 per hour until October 2007, which was only four months prior to the date he filed his motion for leave to proceed *in forma pauperis*. Therefore, it is unclear from Rose's *in forma pauperis* application

**STATEMENT**

form, whether Rose earned less than $200 in salary or wages in the last twelve months. Thus, Rose has not properly completed his *in forma pauperis* application form and we deny Rose's motion for leave to proceed *in forma pauperis*. Rose is given until March 18, 2008, to pay the required filing fee or file an accurately and properly completed *in forma pauperis* application form. Rose is warned that failure to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by March 18, 2008, will result in the dismissal of the instant action.

Rose also seeks an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel the court should evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of

**STATEMENT**

whatever relevant evidence is available on the question").

In the instant action, Rose has not shown himself to be indigent. In addition, Rose has not indicated that he has made efforts to obtain counsel and this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Rose's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Rose is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of counsel.