# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 882 | **DATE** | 4/2/2008 |
| **CASE TITLE** | Lawson Alvin Rose vs. U.S. Postal Service | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's second motion for leave to proceed in forma pauperis [7] is denied. We warned Plaintiff that failure to pay the filing fee in this action or failure to file a properly and accurately completed in forma pauperis application form by March 18, 2008, would result in the dismissal of the instant action. Therefore, since the deadline has passed and Plaintiff has not paid the filing fee or filed a properly and accurately completed in forma pauperis application form, we dismiss the instant action. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Lawson Alvin Rose's ("Rose") second motion for leave to proceed *in forma pauperis*. On February 27, 2008, we denied Rose's original motion for leave to proceed *in forma pauperis*. We gave Rose until March 18, 2008, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form and we warned Rose that if he failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by March 18, 2008, this action would be dismissed.

Rose filed a second motion for leave to proceed *in forma pauperis* and indicates that he has received certain income in the form of salary and wages in the last twelve months. We note that Rose failed to identify this source of income on his original *in forma pauperis* application form, despite the fact that the form specifically provides for the entry of such information. The information that Rose provides on his second *in forma pauperis* application form relating to his salary and wages over the last twelve months is also ambiguous. Rose provides three amounts: $1,044.00, $1,008.00, and $2,052.00 as salary and wages over the last twelve months. (IFP Par. 3). Rose has not made clear the exact amount of the salary or wages he has earned over the past twelve months.

**STATEMENT**

Rose also provides ambiguous and contradictory information about pensions and unemployment compensation he has received over the last twelve months. On his *in forma pauperis* application form, Rose indicates that $9,975.00 in pensions and unemployment payments has been received by "myself/Source One Credit Union," over the past twelve months. (IFP Par. 3). However, in an explanatory note Rose attached to his *in forma pauperis* application form, he states that he received $9,975.00 in unemployment alone and further receives $117.00 per month in disability payments, some of which has been used to pay outstanding debt since November 2007. (IFP Ex. 1).

Rose also indicates in an explanatory note attached to his *in forma pauperis* application form that he lives with an "elderly couple," but he fails to provide any financial information regarding that couple despite the fact that the *in forma pauperis* application form requests such information. (IFP Par. 3); (IFP Ex. 2). Rose also states, "I have a 2003 Honda Civic, but the title is held by the elderly couple." (IFP Ex. 1). Rose has failed to clarify the extent to which this automobile belongs to him.

Finally, Rose provides ambiguous and contradictory information regarding his personal assets. In response to a question asking if he or anyone else living at the same residence has more than $200 in cash or in checking or savings accounts, Rose checked the box indicating that neither he nor anyone that lives at his residence has more than $200 in cash or in checking or savings accounts. (IFP Par. 4). However, in an explanatory note, Rose states "I have discovered after I filed for In Forma Pauperis that I had money in the Thrift Savings Plan from the US Postal Service." (IFP Ex. 2-3). Rose does not indicate the amount of money in this savings plan, but states that he is making efforts to withdraw the funds and states "[w]hen I do receive it, at the very least I will be able go [sic] pay the filing fee." (IFP Ex. 3). Thus, Rose has failed to provide an accurately and properly completed *in forma pauperis* application form and we deny the instant motion. We warned Rose that failure to pay the filing fee in this action or failure to file a properly and accurately completed *in forma pauperis* application form by March 18, 2008, would result in the dismissal of the instant action. Therefore, since the deadline has passed and Rose has not paid the filing fee or filed a properly and accurately completed *in forma pauperis* application form, we dismiss the instant action.